IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BARBARA J. MILLER,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-09-186-FHS
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

**REPORT AND RECOMMENDATION**

Plaintiff Barbara J. Miller (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 22, 1982 and was 26 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade. Claimant worked in the past as a cashier, jailor, dispatcher, and sausage packer. Claimant alleges an inability to work beginning March 15, 2005 due to bipolar disorder,

post traumatic stress disorder, borderline personality disorder, anxiety disorder with agoraphobia, and depression.

**Procedural History**

On November 9, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 12, 2008, an administrative hearing was held before ALJ Michael Kirkpatrick in Paris, Texas. On May 14, 2008, the ALJ issued an unfavorable decision on Claimant's application. On March 9, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a sausage packer.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to consider Claimant's global assessment of functioning ("GAF") scores.

**Consideration of GAF Scores**

On June 20, 2005, Claimant was examined by Dr. David Lovelace. Claimant was diagnosed with bipolar disorder, depression, and panic disorder with agoraphobia. (Tr. 590). Claimant was unable to handle stress and was experiencing anxiety attacks with mood swings. Id. On October 17, 2005, Dr. Lovelace assessed Claimant with a GAF of 50. (Tr. 583).

On December 27, 2005, Claimant was admitted to the hospital after a suicide attempt. Claimant was diagnosed with Bipolar II disorder, PTSD, and Borderline Personality Disorder. (Tr. 530). Claimant's GAF was 36 upon admission and 50 upon discharge. (Tr. 531).

On October 25, 2006, Claimant was admitted to the hospital after another suicide attempt, having attempted to shoot herself. (Tr. 145). Claimant stated she experienced auditory hallucinations with voices telling her she is worthless and to kill herself. Id. Claimant had a history of heavy methamphetamine use and binge drinking. Id. Claimant was diagnosed at Axis I: Mood Disorder, Not Otherwise Specified With Psychotic Features; Axis II:

5

Personality Disorder; Axis III: Epigastric Discomfort; Axis IV: Primary Support, Environment, Educational, Occupational; Axis V: GAF of 25. (Tr. 147). Claimant tested positive for methamphetamine and benzodiazepine. (Tr. 140). Upon discharge, Claimant had a GAF of 55. (Tr. 142).

On February 20, 2007, Claimant reported that she had stopped all medications and threatened to kill herself. She stated, "I scared [her husband] when I told him I could hear the devil." (Tr. 120).

In his decision, the ALJ determined Claimant suffered from the severe impairments of bipolar disorder, post traumatic stress disorder, borderline personality disorder, anxiety disorder with agoraphobia, and depression. (Tr. 14). He found Claimant could perform her past relevant work as a sausage packer. (Tr. 21).

The sole issue of error raised by Claimant is whether the ALJ was required to consider Claimant's GAF scores in assessing Claimant's RFC. Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit

through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, <u>Lee v. Barnhart</u>, 2004 WL 2810224, 3 (10th Cir. (Okla.)); <u>Eden v. Barnhart</u>, 2004 WL 2051382, 2 (10th Cir. (Okla.)); <u>Lopez v. Barnhart</u>, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. <u>Lee</u>, *supra* at 3. However, a GAF of 50 or less does suggest an inability to keep a job. <u>Id</u>. citing <u>Oslin v. Barnhart</u>, 2003 WL 21666675, 3 (10th Cir. (Okla.)). Specifically, the DSM-IV-TR, explains that a GAF between 31 and 40 indicates "[s]ome impairment in reality testing or communication" or "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." A GAF between 41 and 50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, inability to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. He is not, however, required to

7

discuss every piece of evidence in the record. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). A GAF score may be of considerable help to the ALJ in formulating the RFC but it is not essential to the RFC's accuracy and "taken alone does not establish an impairment serious enough to preclude an ability to work." <u>Holcomb v. Astrue</u>, 2010 WL 2881530, 2 (Okla.)(unpublished opinion) citing <u>Howard v. Comm. of Soc. Sec.</u>, 276 F.3d 235, 241 (6th Cir. 2002). The GAF scores in this case fluctuated wildly seemingly depending upon whether Claimant was taking methamphetamine or other narcotics. In all instances where Claimant was assessed exceedingly low GAF scores, she scored in the 50-55 range upon discharge after hospitalization. This range of score would not affect her occupational abilities. Given the findings on other evidence supporting the ALJ's RFC determination as well as the inherent subjectivity of the GAF assessment, this Court does not find error solely in the ALJ's failure to specifically discuss Claimant's various GAF scores.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of August, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE